Michelle R. Press, SBN 163637
Sue Kim, SBN 310334
**WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:(213) 443-5100
Facsimile: (213) 443-5101

Attorneys for Plaintiff
State National Insurance Co., Inc.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE NATIONAL INSURANCE CO., INC., <br><br> Plaintiff, <br><br> v. <br><br> BENJAMIN A. LEEDS; LEEDS PROPERTY MANAGEMENT, INC.; FIDEL ALONSO; MEITAL HASSON and DOES 1 through 20, <br> Defendants. | Case No:   2:22-cv-06214 <br><br> **COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT** |

Plaintiff State National Insurance Company, Inc. ("Plaintiff") hereby brings this complaint against defendants Benjamin A. Leeds, Leeds Property Management, Inc., and Fidel Alonso (collectively "Insured Defendants") and Meital Hasson ("the underlying plaintiff"). Plaintiff alleges as follows:

# INTRODUCTION

1.      Plaintiff is affording a defense to Insured Defendants in an underlying action filed by the underlying plaintiff, entitled *Hasson v. Leeds Property Management, Inc., et al.,* Los Angeles Superior Court Case No. 21SMCV01757 ("the underlying action"). (Attached as Exhibit 1 is a true and correct copy of the complaint filed in the underlying action.)  Plaintiff seeks a declaration that it has no duty to indemnify Insured Defendants in the underlying action pursuant to insurance policies Plaintiff issued. Plaintiff also seeks reimbursement of defense fees and costs it expended on behalf of Insured Defendants to defend against non-covered claims.

# THE PARTIES

2.      Plaintiff is now and was at all relevant times a corporation formed under the laws of the State of Texas with its principal place of business in Bedford, Texas. At all times mentioned in this complaint, Plaintiff has been authorized to do business in the State of California.

3.      Plaintiff is informed and believes, and thereon alleges that the underlying plaintiff, Meital Hasson, is an individual residing in Los Angeles, California.

4.      Plaintiff is informed and believes, and thereon alleges that defendant Leeds Property Management, Inc. is an corporation organized under the laws of the State of California with its principal place of business in Los Angeles, California.

5.      Plaintiff is informed and believes, and thereon alleges that defendant Benjamin Leeds an individual residing in Los Angeles, California.

6.      Plaintiff is informed and believes, and thereon alleges that defendant Fidel Alfonso is an individual residing in Los Angeles, California.

# JURISDICTION AND VENUE

7.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201

2

1   and Rule 57 of the Federal Rules of Civil Procedure to resolve an actual
2   controversy between the parties as set forth herein. This Court has jurisdiction
3   over this action pursuant to 28 U.S.C § 1332, because there is complete diversity
4   of citizenship between Plaintiff, on one hand, and the Insured Defendants and the
5   underlying plaintiff, on the other, and there is more than $75,000 in controversy.

6         8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b),
7   because this is a civil action in which subject matter jurisdiction is founded only
8   on diversity of citizenship and the action is brought in a judicial district in
9   California where Insured Defendants were doing business in at all relevant times
10  and in which the policies were issued to Insured Defendants.

**FACTUAL BACKGROUND**

**The Insurance Policies**

13        9.    Plaintiff issued an insurance policy containing Commercial General
14  Liability ("CGL") insurance coverage to Leeds Property Management, Inc. &
15  Benjamin A. Leeds, designated as Policy No. QJT-SN001356-00, effective from
16  May 19, 2018 to May 19, 2019. The policy was renewed as policy number QJT-
17  SN001356-01, effective from May 19, 2019 to May 19, 2020; policy number
18  QJT-SN001356-02, effective from May 19, 2020 to May 19, 2021; and QJT-
19  SN001356-03, effective from May 19, 2021 to May 19, 2022 (collectively "the
20  policies"). The policies contain limits of $1 million for Each Occurrence and $1
21  million for Personal and Advertising Injury, subject to a $2 million General
22  Aggregate Limit (including Products-Completed Operations). The CGL
23  declarations for the policy identifies Location Number 6 as 1226 N. Fuller
24  Avenue, Los Angeles CA, 90046. The policies insure Leeds Property
25  Management, Inc. & Benjamin A. Leeds as an organization with Classification
26  60010: Apartment Buildings.  CGL coverage is provided under Form CG 00 01
27  04 13.

28

10.    The coverage form includes the following pertinent terms:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.  Insuring Agreement

a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1)  The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

(2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

b.  This insurance applies to "bodily injury" and "property damage" only if:

(1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

274652635v.1

(2) The "bodily injury" or "property damage" occurs during the policy period; and

(3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period.

d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim:

(1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

274652635v.1

(2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

(3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

\* \* \*

## COVERAGE B- PERSONAL AND ADVERTISING INJURY LIABILITY

### 1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies.

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

\* \* \*

### 2. Exclusions

This insurance does not apply to:

\* \* \*

### f.  Breach of Contract

"Personal and advertising injury" arising out of a breach of contract, except an implied contract to use another's advertising idea in your "advertisement."

\* \* \*

## SUPPLEMENTARY PAYMENTS – COVERAGES A AND B

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

274652635v.1

1. We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend:

\* \* \*

e. All court costs taxed against the insured in the "suit". However, these payments do not include attorneys' fees or attorneys' expenses taxed against the insured.

\* \* \*

## SECTION II – WHO IS AN INSURED

1. If you are designated in the Declarations as:

\* \* \*

c. A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

\* \* \*

2. Each of the following is also an insured:

b. Any person (other than your "employee" or "volunteer worker"), or any organization while acting as your real estate manager.

\* \* \*

## SECTION V- DEFINITIONS

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

7

274652635v.1

\* \* \*

   c.  The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

\* \* \*

17. "Property damage" means:

   a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b.  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

11.   The policies contain several exclusions that are potentially applicable, which state in pertinent part, as follows:

**FUNGI OR BACTERIA EXCLUSION [Form CG 21 67 12 04]** This endorsement modifies insurance provided under the following: COMMERCIAL GENERAL LIABILITY COVERAGE PART The Policy contains the following "Fungi or Bacteria Exclusion:"

A. The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability:

2. Exclusions

This insurance does not apply to:

Fungi or Bacteria

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT
274652635v.1

a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

b. Any loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

This exclusion does not apply to any "fungi" or bacteria that are, are on, or are contained in, a good or product intended for bodily consumption.

B. The following exclusion is added to Paragraph 2. Exclusions of Section I – Coverage B – Personal and Advertising Injury Liability:

2. Exclusions

This insurance does not apply to:

Fungi or Bacteria

a.        "Personal and advertising injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury.

b.        Any loss, cost or expense arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing,

9

remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

C. The following definition is added to the Definitions Section:

"Fungi" means any type or form of fungus, including mold or mildew

and any mycotoxins, spores, scents or byproducts produced or released

by fungi.

\* \* \*

## The Underlying Action

12.     On November 3, 2021, the underlying plaintiff filed a complaint in the underlying action against Insured Defendants. The underlying action involves one unit located at 1226 North Fuller Avenue, W. Hollywood, CA 90046 ("the property"). (Ex. 1, ¶ 7.)  The complaint lists the following causes of action: negligence; intentional infliction of emotional distress; breach of contract; breach of Health and Safety Code Section 26147; breach of warranty of habitability / violation of CCP §§ 1941.1, et seq.; breach of covenant of quiet enjoyment; and violation of California Civil Code § 1927. (Ex. 1.)

13.     The underlying plaintiff alleges that, at the beginning of her tenancy, she began to experience illnesses and suggested that Insured Defendants treat the unit for mold.  She alleges that for several years, she noticed "severe allergies and sinus issues" that she recently learned were caused by mold infestation related to ongoing plumbing leaks.  (Ex. 1, ¶¶ 8-10.)

14.     In April 2018, the underlying plaintiff paid an outside mold company to test her unit. The mold tests indicated that mold was present in the bathroom and kitchen of the unit. Based on the test results, the underlying plaintiff

discovered that the mold was caused by leaks in the bathroom and kitchen sinks. The underlying plaintiff alleges the bathroom sink leaked, and that the kitchen faucet appeared to both contain a leak and have a defect in its spraying function. (Ex. 1, ¶¶ 13-14.)  The underlying plaintiff alleges that Insured Defendants did not remediate the presence of mold despite notice.

15.     In January 2020, the underlying plaintiff's health continued to deteriorate and she sought extensive medical treatment seeking a diagnosis.  In August 2020, the underlying plaintiff received a diagnosis confirming her illnesses were related to mold. On October 5, 2020, the underlying plaintiff obtained professional mold inspections which revealed elevated levels of dangerous mold at the unit. (Ex. 1, ¶¶ 18-19.)

16.     The underlying plaintiff alleges that the repeated exposure to mold has resulted in a permanent medical condition, injuries, and damages, the extent of which are ongoing.  (Ex. 1, ¶ 21.)  All of the underlying plaintiff's causes of action in the underlying action relate to the presence of mold which purportedly gave rise to the underlying plaintiff's health problems.

**CAUSES OF ACTION**

**<u>First Cause of Action</u>**

**<u>Declaratory Relief against All Defendants</u>**

**(No Duty to Indemnify Insured Defendants in the Underlying Action)**

17.     Plaintiff refers to and incorporates herein by reference each and every allegation set forth above as if set forth here in full.

18.     The underlying plaintiff's claimed damages in the underlying action arise from or relate to mold at the property which purportedly caused her health to deteriorate.

19.     The policies do not afford indemnity coverage for the claims and damages at issue in the underlying action, as they are subject to the Fungi or Bacteria Exclusion, which provides there is no coverage for "Bodily injury" or

11

"property damage" which would not have occurred or "Personal Injury" which would not have taken place, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

20.     In accordance with the insuring agreements, provisions, terms, conditions, exclusions, and endorsements of the policies, Plaintiff contends it has no duty to indemnify Insured Defendants in the underlying action for any damages arising out of or related to mold.

21.     Plaintiff is informed and believes and thereon alleges that defendants contend that there is coverage under the policies for the underlying action, and that Plaintiff has a duty to indemnify Insured Defendants in connection with the underlying action under the policies.

22.     An actual dispute and controversy exists between Plaintiff and defendants as to coverage under the policies for the underlying action and Plaintiff's lack of a duty to indemnify Insured Defendants under the policies and applicable law, and a judicial determination is necessary to resolve this dispute.

23.     Plaintiff seeks a declaration from this Court that there is no coverage for the underlying action and that Plaintiff has no obligation to indemnify Insured Defendants for any damages arising out of lead exposure in the underlying action.

**Second Cause of Action**

**For Reimbursement of Defense Fees and Costs**

24.     Plaintiff refers to and incorporates herein by reference each and every allegation set forth above as if set forth here in full.

25.     Plaintiff agreed to defend Insured Defendants in the underlying action under a reservation of rights, including the right to seek reimbursement of attorneys' fees and costs expended to defend Insured Defendants for claims not

1  covered under the policies.

2        26.    There is no coverage for the underlying action under the policies.

3        27.    Accordingly, Plaintiff is entitled to reimbursement for amounts it has

4  expended to defend the Insured Defendants from noncovered cause of action in

5  the underlying action, with interest.

6                          **PRAYER FOR RELIEF**

7        Plaintiff prays for judgment against Insured Defendants as follows:

8        1.    For a judicial declaration that there is no coverage under the policies

9  and Plaintiff has no duty to indemnify Insured Defendants in the underlying

10  action as the underlying plaintiff's alleged injuries and damages arise from or

11  relate to mold;

12        2.    For reimbursement of attorney's fees and costs Plaintiff incurred to

13  defend Insured Defendants in connection with non-covered claims according to

14  proof;

15        3.    For such other and further relief as the Court deems just and proper.

16

17  Dated:  August 31, 2022                WILSON, ELSER, MOSKOWITZ,
                                            EDELMAN & DICKER LLP
18

19                                 By: /s/  *Sue Kim*

20                                          Michelle R. Press
                                            Sue Kim
21                                          Attorneys for Plaintiff STATE
                                            NATIONAL INSURANCE CO.,
22                                          INC.

23

24

25

26

27

28

COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

274652635v.1